INSULAR INDUSTRIAL & AGRICULTURAL EXPOSITION ASSOCIATION, INC., Plaintiff and Appellant, v. FRANCISCO P. CINTRÓN, Defendant and Appellee. SAME, v. SAME.

Nos. 7351 and 7352. Argued November 10, 1937.—Decided February 4, 1938.

R. *Rivera Zayas* and *Joaquín Velilla* for appellant. *Besosa & Besosa* for appellee.

Mr. Justice Travieso delivered the opinion of the Court.

Francisco P. Cintrón filed an action against the Insular Industrial & Agricultural Exposition Association, Inc., averring that he had on various occasions advanced different sums of money as loans for the advancement of the latter's business, there being a balance due of $2,208.46, which had not been paid him, notwithstanding the fact that the debt had been admitted and payment demanded.

After a demurrer for failure to state sufficient facts had been overruled, defendant filed a motion praying that the court, pursuant to the provisions of Section 124 of the Code of Civil Procedure, order the plaintiff to furnish a "bill of particulars specifying each and every one of the items making up the aggregate sum sued for and stating the origin and purpose of each item." The court granted this motion and ordered that the particulars demanded be furnished. Plaintiff did not do so.

Defendant answered, denying specifically each and every allegation of the complaint, and setting up as a single special

defense the fact that the particulars requested had not been furnished, as a result of which the plaintiff ought not to be permitted to give evidence in support of his complaint, in accordance with the provisions of Section 124 of the Code of Civil Procedure.

The Insular Industrial & Agricultural Exposition Association, Inc., filed a complaint in the same district court against Francisco P. Cintrón for the collection of $1,300, alleging that on June 22, 1934, it had rented to the defendant five booths for certain games of chance, and another booth for a *kiosco,* all within the grounds where plaintiff was holding a fair and exposition in San Juan, and that Cintrón had not paid the rent, which was $250 for the gaming booths and $50 for the *kiosco.*

In his answer Cintrón made a general denial of all the facts alleged in the complaint, and at the same time filed a cross-complaint, alleging that, the resources of the plaintiff corporation having been exhausted, he as director and vice-president made loans to the corporation totalling $1,700, which have not been paid.

Plaintiff then filed a motion to require Cintrón to furnish a statement of account covering the amount claimed, and the purpose for each of the advances, knowing that if he did not do so, defendant would, in accordance with Section 124 of the Code of Civil Procedure, be precluded from giving evidence thereof. This motion was granted, and defendant ordered to supply the information desired, in spite of his opposition. Defendant, notwithstanding his objections, furnished the information, although in a form so vague, ambiguous, and general as scarcely to be what it purported. The Insular Industrial & Agricultural Exposition Association, Inc., in turn, answered the cross-complaint, denying generally the allegations and setting up as its only special defense that the cross-complaint ought to have been dismissed and that cross-complainant ought not to be permitted to introduce

evidence in support thereof, for failure to submit the particulars requested with necessary detail and preciseness.

On the day of the trial in the lower court, the parties stipulated that both cases should be tried together, and it was so ordered. The parties then proceeded to present their evidence, and on December 26, 1935 the trial court entered judgment in both cases, ordering the defendant corporation in No. 7352 to pay to the plaintiff Cintrón the sum of $2,008.46 (*sic*), with interest at the legal rate until full payment, plus costs and disbursements, including attorneys' fees, and dismissing both the complaint and the cross-complaint in No. 7351, without award of costs. Only the Insular Industrial & Agricultural Exposition Association, Inc., appealed from these judgments. Let us first examine No. 7352.

■■ The first assignment is to the effect that the trial court erred in having overruled appellant's demurrer. The contention is that "in view of the fact that this is a corporation, and in view of the fact that Cintrón was one of the officers and directors thereof, and notwithstanding the fact that in such capacity he ought to have tried in good faith to carry out the obligations of the corporation, it is indisputable that a transaction by virtue of which an officer or director of a corporation becomes a creditor of the corporation, must have been properly authorized by the corporation. 14A C. J. p. 132." It is further contended that there is no allegation in the complaint that the debt sued on was liquidated and hence demandable, citing the decision in *E. Rubio e Hijos* v. *Carrasco,* 26 P.R.R. 224.

In our judgment the lower court was not in error on this point. With respect to the first argument on which appellant rests, it is elementary that a demurrer cannot be based on facts not expressly alleged. *Fernández* v. *Pastoriza,* 43 P.R.R. 859; *Ojeda* v. *Coll & Gelabert et al.,* 26 P.R.R. 476; and *Guasp* v. *Rosch,* 9 P.R.R. 314. If we turn now to the complaint, we find no allegation whatever to the effect that Cintrón was one of the officers and directors of the defend-

ant corporation, and since that fact is the precise one on which the demurrer was founded, it could not have been sustained. With respect to the other ground for the demurrer, it is alleged in the complaint that "at the conclusion of the aforesaid fair and exposition, plaintiff required the defendant to pay the above-mentioned amount, *and notwithstanding the fact that defendant admitted owing the aforesaid amount to plaintiff,* the said defendant has not paid the plaintiff...." (Italics supplied.) An averment such as the foregoing is all that the case of *E. Rubio e Hijos* v. *Carrasco* requires to be made in a complaint based on an account stated.

"..... And if the action, ..... was based on various accounts stated, it is not enough that the plaintiffs alleged merely that a statement of the defendant's account had been made in each case ..... but they should have alleged further that the account was rendered to the defendant and that he, *in some of the ways recognized by law, admitted the said balance."* (Italics ours.) *E. Rubio e Hijos* v. *Carrasco, supra.*

What is essential is an allegation as to the recognition, approval, or admission of the balance, since from that recognition, approval, or admission of the balance or account arises a new and independent cause of action, upon which the complaint must be founded.

"And if such was the case, it was unnecessary to prove the items of the account, because a new cause of action arose from the agreement. As stated in Ruling Case Law, summing up the jurisprudence:

" 'A new and independent cause of action arises from the agreement, and therefore a legal obligation is established irrespective of the items or constituents of the previous ground of liability. The balance stated is a liquidated debt, as binding as if evidenced by a note, bill or bond.' 1 R.C.L. 212." *Santiago* v. *Cuevas,* 41 P.R.R. 114.

In the case at bar it is alleged that the defendant recognized the debt, and the action is based upon the implied

promise to pay it. We are of the opinion that the complaint states sufficient facts.

■ The second assignment is to the effect that the lower court erred in permitting the plaintiff to introduce evidence to prove the allegations of the complaint, in spite of his complete failure to furnish the bill of particulars requested by the defendant and ordered by the court. Defendant bases this assignment on Section 125 of the Code of Civil Procedure, which reads literally as follows:

"It is not necessary for a party to set forth in pleadings the items of an account therein alleged, but he must deliver to the adverse party, within ten days after a demand thereof in writing, a copy of the account, or be precluded from giving evidence thereof. The court or judge thereof may order a further account than the one delivered if it is too general, or is defective in any particular."

Since the action in this case is for the purpose of recovering the unpaid balance of an account stated, the lower court did not commit the error so assigned, as was decided by this Court in the case of *Santiago* v. *Cuevas, supra:*

"Thereupon the defendant took an appeal to this court and has assigned three errors in his brief. He contends in the first that, as the plaintiff had failed to furnish him with the bill of particulars timely demanded of him, he was precluded from giving evidence of the account sued on.

"Section 124 of the Code of Civil Procedure is as follows:

" 'Sec. 124. It is not necessary for a party to set forth in pleadings the items of an account therein alleged but he must deliver to the adverse party, within ten days after a demand thereof in writing, a copy of the account, or be precluded from giving evidence thereof. The court or judge thereof may order a further account than the one delivered if it is too general, or is defective in any particular.'

"If the plaintiff's claim had been based on a current account the appellant would be quite right, but the claim here was based upon a *balance due, liquidated and found correct by the defendant.*

"That being so, it must be admitted that it was a case of what in American Law is known as 'an account stated', defined as—

" 'An account which has been rendered by one to another, containing the balance which is alleged to be due, which balance is assented to or admitted to be a correct account of the debt it represents.' 1 R.C.L. 207.''

■ The third assignment is to the effect that the trial court erred in admitting in evidence a "Statement of Profits and Losses" of the "Puerto Rico Exposition Fair."

In proof of the averments of the complaint, Cintrón offered in evidence, and it was admitted by the court over the objection and exception of the defendant, a profit and loss statement, in which F. P. Cintrón appears in the "Current Liabilities" with a balance of $2,208.46 in his favor. There was also offered, and admitted without objection, the ledger of the defendant corporation, in which there appears at folio 47 the following entry:

"Francisco P. Cintrón, cash account 1934, July 4—C 6 $1,006.25, July 7, C 11 $3,214.71.''

We shall not stop to consider this assignment, since, even supposing the error to have been committed, it would not as we see it result in a reversal of the judgment. In addition to the profit and loss statement, the plaintiff offered the ledger of the corporation. The defendant made no objection to its admission, in spite of the fact that on page 47 there are two entries which, if subtracted, show the balance in favor of plaintiff which he claims in the complaint. The books of a corporation are at least *prima facie* evidence against it, and in this case the entries in the ledger amount to an admission by the defendant corporation that it owes the balance sued for.

"Since a corporation practically speaks by its records, and indeed is in that respect different from a natural person who may express himself by words orally and by conduct as well as by writing, it follows that the books and records of a corporation are prima facie evidence against it, as admissions; and, under some circumstances, may be conclusive evidence.'' 2 Jones, Commentaries on Evidence, p. 497 (1913 ed.)

618

Defendant made no objection to this evidence when it was offered, much less noted an exception when it was admitted by the lower court, which could, within its discretion, consider it a sufficient admission in itself of the debt and of the amount owed. Since defendant took no exception to this evidence when it was admitted, it is now estopped to present against it the objections which it raises in its brief. The result is that, although the profit and loss statement was inadmissible, the assignment must be discarded, since the court had before it evidence sufficient to support its judgment.

The fourth assignment is to the effect that the lower court erred in not deducting from the $2,208.46 which the defendant was ordered to pay, $500 owing to it on account of stock purchased from the defendant, and $182.50 which plaintiff himself admitted owing to it on account of profits received in connection with the fair.

Let us examine first the matter of the item of $500. In the ledger of the corporation there is a charge against Cintrón for $1,006.25, and a credit in his favor of $3,214.71. The difference between these two sums is the amount of the judgment. It rested upon defendant to show that the $500 owing for the shares were not included in the item of $1,006.25, as it is logical to expect, if Cintrón was owing that amount. And if anything does appear from the record, it is that they were included in that item. Bernardo Cruz, Jr., defendant's accountant, testified in answer to questions put to him by defendant's attorney, as follows:

"Q. Did you as bookkeeper make any entry crediting the $500 which Mr. Cintrón owed on account of the shares?
"A. Charging it.
"Q. And it has not been paid?
"A. No, sir."

Under these circumstances, that is, if the $500 were included in the item of $1,006.25 and we should now order that they be deducted from the amount of the judgment, it would turn out that the plaintiff was paying $1,000 instead

of $500 for the shares. There is nothing in the record upon which we can reach any other conclusion.

With respect to the $182.50, the question is different. Cintrón testified that some days before the fair began, several booths intended for games were not rented, which detracted from the appearance of the fair. That he then agreed with the other officers of the defendant that he would install games in those booths, would put his brother in charge of them, to whom he would give 50 per cent of the profits, and the other 50 per cent would be for the corporation. This is in effect what he did, and there was a profit of $365, of which he delivered to his brother $182.50, reserving an equal sum ''For delivery to the corporation''; that he never delivered the $182.50 for the reason that he was never able to meet with his associates to make the liquidation with them.

It is then admitted by the plaintiff himself that he had in his possession $182.50 belonging to the defendant, an amount which cannot be included in either of the two items appearing in the ledger, since a liquidation was never made. Under these circumstances, the lower court ought to have deducted the $182.50 from the $2,208.46.

The fifth assignment refers to an item of $800 which the lower court did not deduct from the $2,208.46, the amount of the judgment. The complaint mentions a payment for that amount to the firm of San Miguel Hnos. for construction materials. With respect to that item, Bernardo Cruz, Jr., who as we have said was defendant's accountant, testified that these $800 were included in Cintrón's claim, and that he was given credit for them on the books, since it had been expended. To show that this payment was not made with Cintrón's money, defendant offered the testimony of José Muñoz, general attorney in fact in San Juan of the firm of San Miguel Hnos., who stated that he had received in payment of this $800 for the account of the fair, $300 in cash and a check for $500 from Fernando Caso, at that time treasurer of the defendant.

The testimony of José Muñoz does not impeach or contradict that of the accountant Cruz. Caso could have made the payment personally, and even with his own check, and it could nevertheless have come from Cintrón's money who maintains that he made several loans to the defendant for the reason that its resources were exhausted. Defendant has not shown that these $800 were improperly included in the item of $3,214.71 which appears on page 47 of the ledger, and which represents the amount admitted by the defendant as owing to the plaintiff.

The sixth assignment is addressed to the award of costs and attorney's fees. From the study which we have made of the record in both cases it does not appear that the defendant corporation has shown such temerity as to justify the imposition of costs and attorney's fees.

■ The eighth assignment is to the effect that the lower court erred in entering judgment for Cintrón for the loans, since the evidence showed that the corporation had no power to borrow money.

The powers of a corporation arise from its articles of incorporation, and these powers may be express or implied. Express powers are those which are specifically stated in the articles of incorporation, and implied powers are those which are not only indispensable to carry out the purposes for which it was created, but also those which are appropriate, necessary, and convenient for those purposes. 1 Cook on Corporations, p. 11, par. 3.

It cannot be denied that the power to borrow money is to the defendant corporation not only necessary but indispensable to carry out its normal purposes. And if this is so, the conclusion is inescapable that it had this implied power, and there is therefore no error.

■ Let us now turn to the only error assigned in case No. 7351. The assignment states:

"The court committed manifest error in weighing the evidence offered by the Insular Industrial & Agricultural Exposition Asso-

ciation, Inc., in the action of debt against Cintrón, dismissing the complaint in spite of the fact that the evidence fully proved the allegations of the complaint of the corporation, and in not making a partial set-off of the amount claimed by Cintrón in his complaint against the amount which ought to have been recognized as Cintron's indebtedness in the suit brought against him by the corporation.''

We have made a careful reading of the transcript, and although it is true that the evidence is contradictory, we do not find that the trial court committed manifest error in weighing it. It is not alleged that the trial court was moved by passion or by prejudice, and if it had been alleged, it does not appear from the record. The judgment of the lower court must, therefore, be respected. *Marrero* v. *White Star Bus Line, Inc.,* 51 P.R.R. 39; *Bonilla* v. *Mitchel,* 51 P.R.R. 123.

For the foregoing reasons, the judgment in No. 7351 must be affirmed, and the judgment in No. 7352 be modified by deducting therefrom the amount of $182.50 and striking out the award of costs, disbursements and attorney's fees, and as thus modified, affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.